**In re MOBILE TIMES, Inc.**

No. 5666.

District Court, S. D. Alabama, S. D.
May 24, 1944.

Sidney J. Gray and Alvin C. McConnell, both of Mobile, Ala., for petitioning creditors.

Sidney J. Gray, of Mobile, Ala., for Harris C. Vaughn, trustee.

Frank S. Coffin, of Mobile, Ala. for himself, Frederick I. Thompson and American Nat. Bank & Trust Co.

Richard H. Coffin, of Mobile, Ala., for Mobile Times.

McDUFFIE, District Judge.

This cause coming on to be heard on a petition to review, vacate and set aside an order of the Referee in Bankruptcy of this Court, directing the American National Bank and Trust Company, Frank S. Coffin and Frederick I. Thompson to turn over and deliver forthwith the sum of $2,356.33 to Harris C. Vaughn, trustee for the estate of the above-named bankrupt, and now after reviewing the evidence and record as certified by said Referee, and the Findings, Conclusions and Order of the Referee, and after consideration and study of the briefs filed by the respective attorneys for all parties, and the applicable law, the Court finds the following facts.

### Findings of Fact

In January, 1939, Frank S. Coffin and Frederick I. Thompson, together with three other gentlemen, agreed to furnish and advance money to the bankrupt and deposited the sum of $6,000 in the American National Bank and Trust Company, Mobile, Alabama, one of the respondents in this cause, to the credit of Frank S. Coffin and Frederick I. Thompson, as trustees (for themselves and three other gentlemen), to be, from time to time, advanced to the bankrupt. Said sum of $6,000, as well as additional amounts, was, over a period of time, advanced by Frank S. Coffin and Frederick I. Thompson, as said trustees, for which on and after April 2, 1940, bankrupt was indebted to these parties. On and after April 2, 1940, bankrupt was also indebted to the above-named American National Bank and Trust Company in the amount of at least $2,750 evidenced by several promissory notes signed by the bankrupt and indorsed by Frank S. Coffin and Frederick I. Thompson.

2. On or about the 2d of April, 1940, the business of the bankrupt was suspended after several months of difficult operation and unsatisfactory financial returns thereon. The property of the bankrupt was in danger of being sold for taxes, which it had been unable to pay, and its creditors

had become concerned over the ability of the bankrupt to meet its obligations. After the closing of the doors of the Bankrupt on April 2, 1940, accounts receivable were paid into the hands of its president and bookkeeper from time to time until April 16, 1940, in the aggregate sum of $1,595.17. This money was paid by various checks and cash amounts. Subsequent to April 16, 1940, additional sums were so collected, aggregating $761.16. There is no issue here as to the sum of $761.16, for the reason that the respondents concede that an order to turn over the $761.16 should be made, not because their claim to it is not bona fide, but for the reason that the filing of the petition in bankruptcy on April 16th, operated as an attachment of all the property of the bankrupt.

3. Frank S. Coffin, who with others of the group for whom he and Frederick I. Thompson were acting as trustees, was one of the largest creditors of the bankrupt, acted from time to time as its attorney, and from time to time in an advisory capacity with reference to the conduct of its business and the efforts to refinance or sell the property. The president of the company and the bookkeeper, into whose hands accounts receivable were paid as aforesaid, did not deposit the sums so collected in bankrupt's checking account carried in the American National Bank and Trust Company, to whom the bankrupt was indebted as aforesaid, but soon after bankrupt's doors were closed and accounts receivable began to be paid, sought the advice of attorney Coffin as to what disposition should be made of the money collected. The president and bookkeeper of the bankrupt, not wishing to be responsible for this money nor to hold it in the safe of the bankrupt or on their persons, after consulting attorney Coffin, turned the money over to Coffin for safe-keeping, he executing a receipt for the same. The bankrupt through its officers and agents gave Mr. Coffin no direction as to the disposition of the money and did not suggest that he place it in any particular fund nor deposit it to the credit of the bankrupt in the American National Bank and Trust Company. Undoubtedly the officers of the bankrupt turned over the money to attorney Coffin to hold, as they expressed it, for safe-keeping, and the aggregate sum of $1,597.17 was so turned over to him between April 2, 1940, and April 16, 1940. Mr. Coffin deposited said sums in the American National Bank and Trust Company in the account there standing in the name of Frederick I. Thompson and Frank S. Coffin, trustees, as aforesaid.

4. On the morning of April 16, 1940, the bank opened its doors for business at 9 a.m. At 9:55 a.m., an involuntary petition in bankruptcy was filed against the bankrupt. At approximately 9:15, attorney Coffin went to the bank where he had deposited the money, and drew a check on the trustees' account, to which account the money had been deposited by him, in the sum of $1,595.17, payable to the American National Bank and Trust Company, to satisfy in whole or in part a note or notes held by the said American National Bank and Trust Company, which said notes had been executed by bankrupt and indorsed by Mr. Coffin and his associate Frederick I. Thompson. Subsequent to the filing of the petition in bankruptcy, additional sums aggregating $761.16 were so turned over to Mr. Coffin, and by him or on his instruction, deposited to said trustee account, but, as aforesaid, there is no dispute as to this sum, respondents admitting that as to this sum, the turn over order should issue.

5. Attorney Coffin not being instructed as to the disposition of the monies received by him, collected for the bankrupt by its officers, held said money as a bailee or agent of the bankrupt, the said money having been delivered to Frank S. Coffin in trust or for safe-keeping for the bankrupt.

### Conclusions of Law

1. This Court has summary jurisdiction over the subject matter of this litigation, because the monies were in the constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy, for the reason that the delivery of the money to Frank S. Coffin was made by agents and officers of the bankrupt. Had these funds been delivered to Mr. Coffin as a loan to him or had the delivery of the money to him resulted in his becoming a creditor of the bankrupt in the usual course of business as in the case of a bank accepting deposits subject to withdrawal by the depositor, the situation would have been different and he might have availed himself of a set-off as provided by the statute. Had he been instructed by the agents of the bankrupt to apply the money to the bank-

rupt's indebtedness to him, such a payment to himself might have been a preference. Had the money been deposited in the usual course of business in the American National Bank and Trust Company, the bank in that event could have availed itself of a set-off. Holding said money as a trustee or a bailee of the bankrupt in nowise gave him the right to apply said funds to the payment of a note of the bankrupt on which he was an indorser. It follows, therefore, that the monies in dispute here, turned over to Mr. Coffin as aforesaid, were in the constructive possession of the bankrupt as a part of its estate, subject to the jurisdiction of this Court. Taubel et al. v. Fox, 264 U.S. 426, 432, 433, 44 S.Ct. 396, 68 L.Ed. 770.

2. The American National Bank and Trust Company had no right to a set-off because the money was deposited to the credit of the trustees, not by the bankrupt, but by Mr. Coffin, and secondly, they were not deposited in the bank in the usual course of business, creating the status of debtor and creditor between the bank and the bankrupt, but were trust funds of the bankrupt and its creditors.

3. The disposition or depositing of the monies delivered to Mr. Coffin to the credit of himself and Mr. Thompson as trustees for themselves and others, conferred no right to set off this fund against the debts alleged to be owed by the bankrupt to Mr. Thompson and Mr. Coffin, or to the bank. While no blame can attach to Mr. Coffin for a desire to recoup his losses, especially since he was probably the largest creditor of the bankrupt, the law does not permit the course pursued by him in this instance. In the opinion of the Court, the findings, conclusions and order of the referee should be affirmed.

### Order of the Court

It is therefore ordered, adjudged and decreed that the findings of fact, conclusions of law, and the order of William Cowley, referee in bankruptcy, be, and the same are hereby affirmed and that Frank S. Coffin, Frederick I. Thompson and the American National Bank and Trust Company, be, and they hereby are ordered to turn over and deliver forthwith to Harris C. Vaughn, as trustee in bankruptcy for the Mobile Times, Inc., the sum of $2,356.33, as prayed for by the petitioner, the said Harris C. Vaughn.